UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    vs.<br><br>KRISTINA VU and<br>KATHERINE BORDEAUX,<br><br>           Defendant. | CR. 21-50046-01 & 03-JLV<br><br>ORDER |

## INTRODUCTION

Pending before the court is defendant Bordeaux's motion to suppress. (Docket 29).  The motion to suppress was referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of March 9, 2015.  An evidentiary hearing was held on May 5, 2021, at which one witness testified and one exhibit was received into evidence.  (Docket 53).  Magistrate Judge Wollmann issued a report and recommendation ("R&R"). (Docket 50).  The magistrate judge recommended defendant's motion to suppress be denied.  Id. at p. 10.  The defendant timely filed her objections to the R&R.  (Docket 52).  For the reasons stated below, the defendant's objections are overruled and the R&R is adopted in its entirety.

## DEFENDANT'S OBJECTIONS

Defendant's objections to the R&R are summarized as follows:

1. Defendant was in custody and a reasonable person would not have felt at liberty to leave.  Id. at p. 1; and

>    2.  Defendant's statement to Detective Meirose was not voluntary.  Id. at p. 2.

Each of defendant's objections will be separately analyzed.

## ANALYSIS

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  See also Fed. R. Crim. P. 59(b)(3).  The court completed a *de novo* review of those portions of the R&R to which objections were filed.

The court completed a *de novo* review of the transcript of the suppression hearing and the exhibit admitted at the hearing.  Unless otherwise indicated, the court's findings of fact are consistent with the findings made by the magistrate judge.

>    1.  DEFENDANT WAS IN CUSTODY AND A REASONABLE PERSON WOULD NOT HAVE FELT AT LIBERTY TO LEAVE

The magistrate judge found Ms. Bordeaux was not in custody when she spoke with Detective Meirose outside the Dakotah Steakhouse and then in his police vehicle.  (Docket 50 at pp. 6-7).  Defendant asserts that finding is in error as "a reasonable person would not have felt . . . at liberty to leave."  (Docket 52 at p. 1).  Defendant does not challenge the magistrate judge's case authority in

2

conducting the analysis.  Id. at pp. 1-2.  Defendant does not raise any specific factual objections to the R&R.  Id.  Rather, defendant chose to ignore the facts developed during the suppression hearing and generally adopted by the magistrate judge.  Defendant's version of the evidence need not be restated here.  The facts presented during the suppression hearing are as follows.

The first time Detective Meirose encountered Ms. Bordeaux at the Dakotah Steakhouse on the night in question, he was in the process of arresting Dominic Kennedy on a no-bond arrest warrant.  (Docket 53 at p. 15:20).  Detective Meirose was wearing denim pants, a polo shirt with his police badge hanging around his neck and his firearm fully visible on his side.  Id. at pp. 15:8-9 & 38:8-11.  Ms. Bordeaux and Nick Butler observed the end of the arrest of Mr. Kennedy and continued into the steakhouse.  Id. at 19:14-15.

A few minutes later, Ms. Bordeaux and Mr. Butler came outside to have a cigarette.  Id. at p. 19:23-25.  As they walked back toward the restaurant, Detective Meirose asked if they would be willing to speak with him.  Id. at p. 20:5-9.  Ms. Bordeaux and Mr. Butler advised the officer that "they had just ordered their meal" and "weren't interested in speaking to [him] at that point." Id. at p. 20:6-9.  Ms. Bordeaux and Mr. Butler continued into the restaurant. Id. at p. 37:18-22.

A short time later as Ms. Bordeaux was exiting the steakhouse, Detective Meirose was standing outside with a number of gift cards in his hand.  (Docket 53 at p. 24:3-11).  He was approximately 10 feet from the front door of the

3

restaurant when she approached him. Id. at p. 41:6-7. At that point, Ms. Bordeaux pointed to the gift cards, saying "[t]hose are mine." Id. at p. 24:13-14.

Indicating he wanted to get to the bottom of the issue regarding the gift cards, Ms. Bordeaux walked side-by-side with Detective Meirose back to his "vehicle which was parked on the north side of the restaurant." Id. at pp. 24:24-25:6. This conversation occurred before the officer turned on his audio recording device to document their discussion. Id. at p. 24:20-21. While they were standing next to his vehicle, Detective Meirose activated his recorder. Id. at p. 25:9-13. He activated the recorder about one minute after they got to the car. Id. at p. 43:7-9.

At six minutes and 3 seconds into the recorded conversation, the following dialogue occurred:

> Detective Meirose: Well, I'm going to, I just want to tell you again, like, you don't have to talk to me. You're not going to go to jail. But I just kinda, I would like to try and hear
>
> Ms. Bordeaux: No, no, I'm here, I'm here.
>
> Detective Meirose: to hear your side of the story.
>
> Ms. Bordeaux: I'm here, I'm here . . .

(Exhibit 1 at 6:03 and transcript at p. 5). This exchange occurred while they were outside the officer's car. (Docket 53 at p. 51:4-6).

Once Detective Meirose wanted to continue their conversation in his vehicle, he specifically asked her "[i]f you're going to talk to me, do you mind just

having a seat in the front passenger seat . . . ?" (Exhibit 1 at 9:46). Ms. Bordeaux walked to the front passenger side of the car and got in. Id. at p. 15:19. The doors remained unlocked during the remainder of their conversation in the vehicle. Id. at p. 52:14-16. At one point, Detective Meirose had to step out of the car to visit with another officer and Ms. Bordeaux remained seated inside. Id. at pp. 51:20-52:6. At the end of the interview, Ms. Bordeaux was not arrested and returned to her own vehicle. Id. at pp. 29:24-30:2.

Under the circumstances of Ms. Bordeaux's interaction with Detective Meirose any reasonable person would have perceived they could end the interview and were at liberty to leave. United States v. Brave Heart, 397 F.3d 1035, 1038-39 (8th Cir. 2005). Ms. Bordeaux was expressly advised that she was not under arrest and that her participation was voluntarily. Id. at 1039. Having considered the factors set forth in United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990), the magistrate judge found Ms. Bordeaux was not in custody. (Docket 50 at p. 7). This finding is supported by the evidence adduced during the suppression hearing.

Defendant's first objection to the R&R is overruled.

2. DEFENDANT'S STATEMENT TO DETECTIVE MEIROSE WAS NOT VOLUNTARY

Defendant argues the magistrate judge erred in finding Ms. Bordeaux's statement to Detective Meirose was voluntary. (Docket 52 at p. 2). Defendant contends "[t]here was no evidence presented about [her] characteristics known to Meirose upon which a determination could be made that [she] understood what was transpiring at the time of the interrogation." Id.

5

Before the magistrate judge, defendant asserted "her statements were involuntary due to the fact that she was under the influence of drugs or alcohol at the time she made the statements." (Docket 50 at p. 9). The magistrate judge found:

> The defendant introduce[d] no evidence in her memorandum in support of this contention. . . . [And] did not ask Detective Meirose any questions regarding whether the defendant appeared under the influence of drugs or alcohol at the time of the questioning and has otherwise failed to provide any evidence that she was under the influence of any substance at the time of questioning.

Id.

The magistrate judge found Ms. Bordeaux was "50 years old," "of at least average intelligence," "a high school graduate" with "some college," "communicated well with Detective Meirose . . . was clearly able to track the conversation[,]" had "a fairly extensive criminal history and a relatively thorough familiarity with the justice system." Id. at p. 10. Having listened to Exhibit 1, the court concurs with the magistrate judge's conclusion that Ms. Bordeaux was coherent in her conversation with Detective Meirose, understood his questions and comments and she then gave appropriate responses. See Docket 50 at p. 9. Considering the totality of the circumstances, the court finds Ms. Bordeaux was a willing participant whose statements to Detective Meirose were voluntary.

Defendant's second objection to the R&R is overruled.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's objections to the report and recommendation (Docket 52) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 50) is adopted in full.

IT IS FURTHER ORDERED that defendant's motion to suppress (Docket 29) is denied.

IT IS FURTHER ORDERED that a scheduling order will be entered.

Dated January 11, 2022.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE