UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>KRISTINA VU,<br><br>　　　　　　Defendant. | 5:21-CR-50046-KES<br><br>**ORDER<br>GRANTING MOTION<br>TO REDUCE SENTENCE** |

　　　　Defendant, Kristina Vu, filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 167. The Federal Public Defender filed a supplement to Vu's motion. Docket 172. Plaintiff, the United States of America, agrees with Vu's motion. Docket 175. For the following reasons, Vu's motion for a sentence reduction is granted.

## DISCUSSION

　　　　The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

　　　　"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence

modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See Dillon*, 560 U.S. at 827.

On August 1, 2022, Vu pleaded guilty to conspiracy to commit bank fraud (Count 1) and aggravated identity theft (Count 12). *See* Docket 1 at 1, 5; Docket 93. At the time of Vu's sentencing, her guideline range on Count 1, based on a total offense level of 17 and a Criminal History Category of IV, was 37–46 months in custody. Docket 115 ¶ 111. She had a total of 8 criminal history points, which included 2 "status points" for committing his offense

while under a criminal justice sentence. *Id.* ¶ 73–74. On November 28, 2022, the court sentenced Vu to a guideline range term of 46 months imprisonment on Count 1, and a term of 24 months imprisonment on Count 12, to run consecutive to Count 1. Docket 117 at 2.

On March 18, 2024, Vu filed a motion requesting a reduced sentence pursuant to Part A to Amendment 821 to the Sentencing Guidelines. *See* Docket 167 at 1. The supplement filed by the Federal Public Defender argued that following the amendment Vu would no longer have received two status points for committing her offense while under a criminal justice sentence and clarified that Vu was requesting a reduced sentence of no more than 37 months, the new high end of her guideline range. *See* Docket 172 at 1, 4–5.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. U.S.S.G. § 4A1.1(e). The amended provision states:

> One point is added if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively and directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

3

Because Vu had 6 or few criminal history points, she meets the criteria under amended U.S.S.G. § 4A1.1(e), making her eligible for two less criminal history points. With that reduction, Vu receives 0 "status points," which gives her a total of 6 criminal history points. That decrease places her in Criminal History Category III which, when coupled with her total offense level of 17, reduces her advisory guideline range to 30–37 months in custody on Count 1. *See* U.S.S.G., Ch. 5, Pt. A.

Vu's current sentence of 46 months on Count 1 is at the high end of the guideline range that applied when she was originally sentenced. *See* Docket 115 ¶ 111. If Vu was sentenced at the high end of her current guideline range, she would receive a sentence of 37 months in custody on Count 1. Thus, Vu is eligible for relief pursuant to Part A of Amendment 821 to the sentencing guidelines, and for a reduction in sentence to 37 months in custody.

After taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), Vu's sentence is reduced to the high end of her new guideline range to a term 37 months in custody on Count 1, and Vu's motion is granted. Vu's sentence of 24 months on Count 12 is unchanged and remains 24 months consecutive to her sentence on Count 1.

## CONCLUSION

It is ORDERED that Vu's motion (Docket 167) is GRANTED. The probation office is directed to prepare an amended judgment reflecting a custody sentence of 37 months on Count 1, and 24 months on Count 12 to run consecutive.

Dated May 28, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE